

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

DONNA EZEKIEL, et al.,

    PLAINTIFFS,

v.                                         CASE NO. CV-03-J-787-NW

FIRST SOUTHERN BANK,

    DEFENDANT.



## MEMORANDUM OPINION

Pending before the court is defendant's motion for summary judgment (doc. 37), defendant's memorandum in support of its motion (doc. 38), plaintiffs' memorandum in opposition to defendant's motion for summary judgment (doc. 44), and plaintiffs' submission of evidence in opposition to defendant's motion (doc. 45). Having considered the pleadings, memoranda and evidentiary submissions of the parties, the court finds as follows:

### I. FACTUAL BACKGROUND

The defendant is a bank which employed each of the plaintiffs. In 2002, the defendant received a Cease and Desist Order from the Federal Deposit Insurance Corporation and Alabama Banking Department which required the defendant, *inter alia*, to make staffing assessments and cease producing operating losses. Affidavit of

51

Roderick V. Schlosser, ¶¶ 4, 5.[1] In September, 2002, each of the plaintiffs were informed that their respective positions were being eliminated. *Id,* ¶¶ 8-9. Each of the plaintiffs had been employees of defendant for more than twenty years. As a result of the reorganization, twelve employees were displaced and one additional employee took early retirement. *Id.,* ¶ 8.

Plaintiff Ezekiel held the title of Assistant Vice president and was a mortgage loan originator. Plaintiff exhibit E. Plaintiff Hendon was a senior accounting clerk and maintained the general ledger. *Id.* Plaintiff Mitchell was a senior accounting clerk and maintained accounts payable. *Id.* She also performed several other functions, such as balancing ATM activity and purchasing supplies for the defendant. *Id.* After the reorganization, the accounting department had three full-time employees instead of five, those being a controller and two accountants. Affidavit of Schlosser, ¶ 9.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

---

[1] Mr. Schlosser is Executive Vice President and CFO of defendant bank. Affidavit of Schlosser, ¶ 1.

and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Matsushita*,

475 U.S. at 587, *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

### III. LEGAL ANALYSIS

The court must consider the evidence in the light most favorable to the plaintiff and may not make credibility determinations nor weigh the parties' evidence. *Frederick v. Sprint/United Management Co.* 246 F.3d 1305, 1311 (11th Cir.2001); *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir.2000). With these standards in mind, the court considers each of the plaintiffs' claims.

The plaintiffs must establish that they each belonged to the protected class, were subjected to adverse employment actions, they were qualified for their jobs and were replaced or otherwise lost their jobs to younger individuals. *Chapman v. AI Transport,* 229 F.3d 1012, 1024 (11th Cir.2000); *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1329-30 (11th Cir.1998). Assuming plaintiffs meet this burden, the defendant must articulate a legitimate, non-discriminatory reason for its employment decision. *Steger v. General Electric Co.*, 318 F.3d 1066, 1075 (11th Cir. 2003). An employer cannot prevail where the "legitimate reason did not sufficiently motivate the employer at the time of the decision." *Id.*, citing *Speedy v. Rexnord Corp.*, 243 F.3d 397, 403 (11th Cir.2001). Under Eleventh Circuit law, the plaintiffs must prove only

4

that their ages "made a difference" in the defendant's decision to terminate them. *Farley v. Nationwide Mutual Ins. Co.*, 197 F.3d 1322, 1335 (11th Cir.1999).

The parties do not dispute that each of the plaintiffs was older than forty, placing them within the protected class of the ADEA. Each of them was severed from employment, which is an adverse employment action. The parties do not dispute that each of the plaintiffs was qualified to do her job prior to the restructuring. However, each of the plaintiffs was replaced by someone with additional qualifications to their own.

Plaintiff Ezekiel was replaced by Mary Scott, who is 66 years old. Affidavit of Schlosser, ¶ 15. Scott assumed the duties of both loan originator and manager. *Id.* Additionally, Scott is qualified to underwrite in-house loans, while plaintiff Ezekiel is not. *Id.*, ¶ 16. Plaintiff Ezekiel also complains that Brenda Crittenden, who is 48 years old and less experienced, was retained while she was not. However, Crittenden is certified to underwrite VA/FHA loans and plaintiff Ezekiel is not. Schlosser affidavit, ¶ 17. Additionally, Crittenden earned less than Ezekiel and hence was cheaper to employ. *See* plaintiff exhibits M and N.

Neither Donna Mitchell nor Gail Hendon held accounting degrees or even college degrees. They argue that they were replaced by a younger individual, Cheryl Behel, who has an accounting degree and twelve years experience as an accountant.

5

Affidavit of Schlosser, ¶ 10. The defendant asserts that rather than replace either of these plaintiffs, Behel was actually hired to fill a position that included additional duties after the reorganization. *Id.*, ¶ 11. An additional employee, Heather Hammond, was an intern who was promoted to a staff accountant position. Hammond also held an accounting degree. Promoting Hammond to that position saved the defendant one part-time employee position.

Assuming, without deciding, that the plaintiffs each satisfied her *prima facie* case, the defendant must demonstrate a legitimate, non-discriminatory reason for each of the plaintiffs' terminations. Defendant argues that as set forth above, by reason of the Cease and Desist Order, the reorganization required additional duties for each of these positions and that the plaintiffs were not qualified to perform these additional duties.

Once a defendant presents a legitimate, nondiscriminatory reason for its action, the presumption of discrimination drops from the case. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 255, 101 S.Ct. 1089, 1094 and n. 10 (1981). The plaintiff must then demonstrate by a preponderance of the evidence that the reason offered by the defendant was not the true reason for the employment decision, but rather a mere pretext for discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973). The focus of the case

after the defendant meets its burden of production is on the defendant's subjective intent and the motivation behind the defendant's adverse employment action directed at plaintiff. *Harris v. Shelby County Board of Education,* 99 F.3d 1078, 1083 (11th Cir. 1996). In order to prevail, the plaintiff must establish that the employer's articulated legitimate reason was a pretext to mask unlawful discrimination. *Turlington v. Atlanta Gas Light Company,* 135 F.3d 1428, 1432 (11th Cir.1998), citing *Walker v. NationsBank of Fla., N.A.,* 53 F.3d 1548, 1556 (11th Cir.1995).

    The plaintiffs have presented to the court no evidence that the stated reasons for their terminations were pretextual. The defendant presented evidence that it had to reduce its staff and its operating expenses. It reorganized the plaintiffs' positions so that someone with more qualifications, and hence the ability to perform more functions, would fill each position. The plaintiffs may not establish that an employer's proffered reasons are pretextual merely by questioning the wisdom of the employer's reasons, at least not where the reasons are the kind that might motivate a reasonable employer. *Lee v. GTE Florida,* 226 F.3d 1249, 1253 (11th Cir. 2000). This court's place is not to second guess the decisions of employers, as long as those decisions are not based on discriminatory reasons. *Davis v. Town of Lake Park, Florida,* 245 F.3d 1232, 1244 (11th Cir.2001). *See Combs v. Plantation Patterns,* 106

F.3d 1519, 1543 (11th Cir.1997) ("federal courts do not sit to second-guess the business judgment of employers").

## IV. CONCLUSION

Having considered the foregoing, and being of the opinion that the defendant's motion for summary judgment is due to be granted, the court shall grant said motion by separate Order.

**DONE** and **ORDERED** this the 6 day of May, 2004.

                                                          _____
                                                          INGE P. JOHNSON
                                                          UNITED STATES DISTRICT JUDGE